# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

B.S., by and through his Parents
and Natural Guardians, K.S. and
M.S.,

Court File No. 13-CV-3220 (ADM/JJK)

Plaintiffs,

vs.

**MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS
STATE DEFENDANTS AS PARTIES**

Anoka Hennepin Public Schools,
ISD No. 11, Tom Heidemann,
Chair of Anoka Hennepin Board
of Education, Minnesota
Department of Education, Brenda
Cassellius, Commissioner, in her
individual and representative
capacity, Office of Administrative
Hearings, Tammy Pust, Chief
Administrative Law Judge in her
individual and representative
capacity,

Defendants.

## INTRODUCTION

B.S., ("Student") by and through his Parents and Natural Guardians, K.S. and M.S.

(collectively referred to as "Plaintiffs"), are appealing a special education due process

hearing decision under the federal Individuals with Disabilities Education Act, 20 U.S.C.

§ 1400 *et. seq.* ("IDEA") against the Anoka Hennepin Public Schools, ISD 11 and Tom

Heidemann, Chair of Anoka Hennepin Board (collectively referred to as "School

District."). In this appeal, Plaintiffs add the Minnesota Department of Education

("MDE"), Brenda Cassellius, Commissioner in her individual and representative

capacity, the Office of Administrative Hearings ("OAH") and Tammy L. Pust, Chief Administrative Law Judge in her individual and representative capacity (collectively referred to as "State Defendants") as parties. Plaintiffs claim State Defendants have denied access to special education due process hearings due to the "Suggested Best Practices" for Minnesota hearing officers.

State Defendants move to dismiss all State Defendants as parties to this appeal for failure to state a claim for relief on any the Counts: For Count One seeking relief under the IDEA, State Defendants are neither proper nor necessary parties to challenges to special education due process hearings. Count Two alleging violations of the Fourteenth Amendment and Section 1983 is barred by the Eleventh Amendment. Count Three seeking personal liability under the Fourteenth Amendment and Section 1983 fails to allege any personal involvement by the named individual officials. Finally, Counts Four and Six (there is no Count Five) are state pendent claims barred under the Eleventh Amendment. As Plaintiffs fail to state a claim for relief against State Defendants for which relief can be provided, State Defendants should all be dismissed as parties.

## PROCEDURAL HISTORY

Plaintiffs filed an administrative Complaint and Request for Administrative Hearing against the Anoka-Hennepin School District in May 2013. *Verified Complaint and Appeal of Administrative Decision,* ECF Doc. 1, *("Complaint"),* ECF Doc. 1, ¶ 1. During a prehearing conference held June 14, 2013, Plaintiffs proposed they needed one and one-half days for presentation of evidence for the due process hearing. *Complaint* ¶ 20, Transcript Index Doc No. 2, P. 9 (Tr. 9). Accordingly, Administrative Law Judge

("ALJ") Eric Lipman set nine hours for the presentation of each parties' evidence. *Complaint* ¶ 20, Second Prehearing Order, Record Index No. 12.

On the second day of the hearing, the ALJ reminded Plaintiffs that they had used six hours and 50 minutes of the nine hours allocated. *Complaint* ¶ 22, Tr. 444. Plaintiffs' counsel objected, and the ALJ referenced the Second Prehearing Order, Paragraph 10: "Each party is granted nine hours of hearing time to present the testimony of its witnesses and to conduct cross-examination of the opposing party's witnesses. Counsel are directed to plan their hearing presentations accordingly." Tr. 445, Record Index No. 12. The ALJ also noted that "the best practices of the Department are that evidentiary hearings don't go longer than three days, and so as to not give one particular party an advantage either through lengthy or disorderly or unordered cross or direct examination to run down the clock." Tr. 446. A copy of the "Suggested Best Practices" is attached to the Complaint, *Complaint Attachment,* B, Doc. 1-3, p. 3.

On the third and last day of the hearing, Plaintiffs continued to object to the time limits. The ALJ responded:

> Well, here's the thing: I did some research into this last night and there is authority for the proposition that trial courts have discretion to place reasonable limits on the presentation of evidence, to prevent undue delay, waste of time, or needless presentation of cumulative evidence.

> I also put in the nine-hour restrictions because I don't think that the issues raised in the Due process Complaint, particularly after the discussion at the prehearing conference, would require more than nine hours of testimony on either side. And, frankly, having gone through nearly three days of hearing, I'm still of that view, that adequate presentation of the student's claims and the District's defense could comfortably fit within 18 hours of hearing time.

Tr. 779.

In the Final Decision, the ALJ noted that state statute "places affirmative obligations on hearing officers to manage the hearing process and to 'limit an impartial hearing to the times sufficient for each party to present its case.'" *Complaint Attachment A*, ECF Doc 1-2, p. 18. The ALJ noted that, of the questions propounded by Plaintiffs on the second day: "most were not essential to establishing the Student's right to relief." *Id.* at 19. The ALJ concluded that "[t]he Student's claims for relief could have been thoroughly and completely presented within 9 hours of hearing time." *Id.*

During the same month (August 2013), this same hearing judge, in another special education due process hearing, granted both sides (student's and school district's) 18 hours each for the presentation of their evidence. *Complaint* ¶ 43, citing *[Student] v. Cannon Falls Public Schools (ISD 252),* Fourth Pre-Hearing Order, August 15, 2013), MDE No 13-028, OAH 8-1300-30720.

On November 22, 2013, Plaintiffs filed this Complaint/Appeal of Administrative Decision, ECF Doc. No. 1, adding State Defendants as parties to this appeal.

## ARGUMENTS

### I.   PLAINTIFFS FAIL TO STATE A CLAIM FOR RELIEF AGAINST STATE DEFENDANTS.

#### A.   Standard Of Review For Dismissal Of Claims Against Parties.

This is a motion to dismiss State Defendants as a parties under Rules 12(b)(6) and 21 of the Federal Rules of Civil Procedure because they are not proper or necessary parties to this appeal. Rule 12(b)(6) allows a party to move to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. On a

motion to dismiss, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.,* 388 F.3d 591, 593 (8th Cir. 2004). Rule 21 provides that parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. "Rule 21 of the Federal Rules of Civil Procedure is the proper vehicle for dismissing parties who were improperly joined — either because they failed to satisfy any of the conditions of permissive joinder under Fed.R.Civ.P. 20(a) or because no relief is demanded from or no claim of relief is stated against them." *Moubry v. Kreb,* 58 F. Supp.2d 1041, 1047 (D. Minn. 1999). "[W]here certain defendants are clearly without authority or power to effect any of the relief sought by the plaintiffs, a motion to dismiss those defendants may properly be granted." *Id.* at 1048. Under Rule 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires Plaintiffs to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**B.** **Complaint Is Unclear Which Defendants Are Subject Of Which Counts.**

At the outset, State Defendants note that Plaintiffs' Complaint fails to clearly state which claims are asserted against which Defendant, leaving the parties and this Court to speculate the application of the Counts. "It is emphatically not the job of either a

defendant or the Court, it is the plaintiffs' burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." *I.E.C. v. Minneapolis Public Sch.,* __ F. Supp.2d __, 2013 WL 4519412, *9 (D. Minn. 2013), *quoting Gurman v. Metro Housing and Redevelopment Auth.,* 842 F. Supp.2d 1151, 1153 (D. Minn. 2011) ("This Court has repeatedly criticized the filing of 'kitchen-sink' or 'shotgun' complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant."); *Tatone v. SunTrust Mortg., Inc.,* 857 F. Supp.2d 821, 831–32 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant.").

Despite the lack of pleading clarity, State Defendants will address all five Counts, and assumes Counts One, Two, Four and Six are against MDE, OAH, Commissioner Cassellius and Chief Judge Pust in their official capacities, and Count Three is against the Commissioner and Chief Judge in their individual capacities seeking damages.

## II. STATE DEFENDANTS ARE NOT PROPER PARTIES OF APPEALS OF DUE PROCESS HEARINGS UNDER THE IDEA AND STATE SPECIAL EDUCATION LAW.

Count One alleges that Plaintiffs were denied access to a special education due process hearing under the IDEA due to the time limits set for the parties to present their evidence in the hearing. *Complaint* ¶¶ 45-50. None of the State Defendants, however, are proper or necessary parties to challenges to time limits set in the due process hearing.

### A.     OAH And Its Chief Judge Are Not Proper Or Necessary Parties To Appeals of Special Education Due Process Hearings.

The naming of OAH and its Chief Judge as parties to this appeal of a special education decision is particularly tenuous.  The Complaint is devoid of any facts of OAH or its Chief Judge's personal involvement in the determination of MDE's "Suggested Best Practices."[1]  The Complaint further fails to cite any legal basis for OAH or its Chief Judge to be parties to an appeal of a special education decision.

In reality, there is no authority whatsoever under the IDEA that the Office that hears the special education administrative case (here, the OAH) or its Chief Judge are proper parties in judicial review of the administrative decision.  Federal district courts across the country have uniformly and summarily dismissed the OAH and its Chief judge to be named as parties in appeals: *B.J.S. v. State Educ. Department/University of New York,* 699 F.Supp.2d 586, 608, (W.D.N.Y. 2010) (holding state agency and its hearing officer who ruled on claims in administrative complaint filed against school district not proper parties to action under 20 U.S.C. § 1415(i)(2)(A) seeking judicial review); *Andrew W. v. Menlo Park City School Dist.,* 2010 WL 3001216, *3 (N.D. Cal. 2010) ("Plaintiff fails to cite any authority providing that, where, as here, a party seeks, under the IDEA, judicial review of a decision of an administrative law judge ('ALJ'), the state agency that

---

[1] The Complaint cites OAH and its Chief Judge only in several places – that OAH is the contracted state agency to hear special education hearings, *Complaint,* ¶ 12;  that OAH staff met and discussed with MDE about the "Suggested Best Practices," *Complaint,* ¶ 38; and that the Chief Judge forwarded and linked the MDE expectations to practitioners, *Complaint* ¶ 39.

employs the ALJ is a proper party to such cause of action."); *M.T.V. v. Perdue;* 2004 WL 3826047, *11 (N.D. Ga. 2004) (There is no indication under IDEA regulations for authority for the ALJ, the state agency that conducts the hearing, or the Chief ALJ of that agency may be sued in an IDEA action. They are not necessary parties as Plaintiffs can obtain all of the relief they seek without their involvement as parties.). A similar summary dismissal of OAH and its Chief Judge is appropriate here.

  **B. MDE And Its Commissioner Are Not Proper Or Necessary Parties To Appeals Of Special Education Due Process Hearings.**

  As the State educational agency ("SEA") in Minnesota, MDE is required to establish and maintain procedures to ensure that children with disabilities and their parents are guaranteed procedural safeguards. 20 U.S.C. § 1415(a). As established below, once the procedure is established and an independent hearing officer is chosen, the SEA has no power to review, change or reverse the hearing officer's determination.

  "[S]tate educational agencies may be responsible for violations of the IDEA when the state agency in some way fails to comply with its duty to assure that the IDEA's substantive requirements are being implemented." *Pachl v. Seagren,* 453 F.3d. 1064, 1070 (8th Cir. 2006). When parents' claims against the SEA are only challenging the hearing officer's decision, the SEA is not a proper party. *Id.* Here, the crux of Plaintiffs' challenge is to the ALJ's refusal to adjust or lengthen the time limits in the hearing. That is a challenge to the decision, subject to judicial review for abuse of discretion.

  Under the IDEA, due process hearings are required to be impartial and independent from the State educational agency. 20 U.S.C. §§ 1415(f)(1)(A) and

1415(g)(2).  Furthermore, the State educational agency is bound by the hearing officer's

decision.  34 C.F.R. § 300.152(c)(2)(i).  As such:

> The agency was held bound by the decision of the hearing review board
> and could not overrule it, set it aside, or unilaterally decide how it
> otherwise would resolve the matter.  So with [plaintiff], State Defendants
> are bound to comply with the IDEA as determined and applied by the
> hearing officer.  They are not liable for acquiescing in this obligation.

*Lillbask v. Sergi,* 117 F. Supp. 2d 182, 198-99 (D. Conn. 2000).

For these reasons, courts have long held that state education agencies are not liable

for hearing officers' decisions.  *Fetto v. Sergi,* 181 F. Supp. 2d 53, 72 (D. Conn. 2001)

("State Defendants are not liable for the decision, even though erroneous, on the part of

an independent impartial hearing officer.  Liability may not flow from decisions over

which State Defendants have no control and cannot legally influence.")

The U.S. District Court in Minnesota has consistently dismissed MDE as a party

to claims challenging hearing officers' special education decisions.  In *Renollett v. State

of Minnesota, Department of Education,* Civil File No. 03-6452 (ADM/AJB) (ECF File

No. 29) 2004 WL 1576716 (D. Minn. July 13, 2004),  this Court held that, given the state

educational agency's inability to control hearing officer's decision, MDE is not a proper

party to challenges to due process decisions and dismissed MDE as a party.  Recently,

Chief Judge Davis dismissed MDE and Commissioner Cassellius as parties in an appeal

of special education hearing when parents fail to plead any specific allegations to avoid

the preclusive effect of *Pachl*, *supra.   I.E.C.,* at * 11.

**C. Challenging The "Suggested Best Practices" For Hearings Does Not Make State Defendants Proper Parties To This Appeal.**

Plaintiffs will contend they are not just challenging the ALJ's decision, they are directly challenging the "Best Practices in Hearing Management." *Complaint* ¶ 41. However, a review of the proceedings confirms that the hearing's time limit was the discretion and decision of the hearing judge, not the result of MDE's "Suggested Best Practices." Regardless, challenging an SEA's policy in an appeal of special education decision does not make the SEA a proper or necessary party in the appeal.

**1. The decision on time limits for presentation of evidence was the hearing officer's discretion – subject to judicial review for abuse of discretion.**

Minnesota law is clear that the hearing officer (not MDE) has the authority and responsibility regarding the management and conduct of the special education hearing:

(a) A hearing officer must limit an impartial due process hearing to the time sufficient for each party to present its case.

(b) A hearing officer must establish and maintain control and manage the hearing.

Minn. Stat. § 125A.091, subds. 18(a) and (b) (2012).

"Trial courts are permitted to impose reasonable time limits on the presentation of evidence to prevent undue delay, waste of time, or needless presentation of cumulative evidence." *Life Plus Int'l v. Brown,* 317 F.3d 799, 807 (8th Cir. 2003); *see also Johnson v. Ashby,* 808 F.2d 676, 678 (8th Cir.1987) (a judge "not only may but must exercise strict control over the length of trials"). Trial management decisions are within the court's discretion and are reversed only for an abuse of discretion. *Life Plus,* 317 F.3d at 807; *see*

*also United States v. American Horse,* 671 F.2d 286, 289 (8th Cir. 1982) (length of direct and cross examination is a determination within the court's discretion). Time limits formulated before trial must be "sufficiently flexible to accommodate adjustment if it appears during trial that the court's initial assessment was too restrictive." *Id.* When there is an objection to the exclusion of evidence as a result of time limits, the record must show a proper basis or explanation by the district court for the exclusion. *Harris v. Chand,* 506 F.3d 1135, 1141 (8th Cir. 2007).

Here, at the outset, the ALJ inquired of the parties as to the requested time for presentation of evidence. Tr. 9 (Tr. Index No. 2) Plaintiffs requested a day and a half. *Id.* The ALJ set forth exactly the requested time limit in the prehearing order. Record Index No. 12. Midway through the hearing, when reminded of the time limits for presentation, Plaintiffs objected to the time limits. Tr. 444-5. After reviewing record, issues raised and the objections, the ALJ stated:

> And, frankly, having gone through nearly three days of hearing, I'm still of that view, that adequate presentation of the student's claims and the District's defense could comfortably fit within 18 hours of hearing time.

Tr. 779. The ALJ allowed the Plaintiffs to provide an Offer of Proof. Tr. 805-16. The final decision held: "[t]he Student's claims for relief could have been thoroughly and completely presented within 9 hours of hearing time." *Complaint Attachment A*, at 18.

The record thus confirms the challenged time limits were the decision of the hearing judge, not the "Suggested Best Practices." Trial management decisions are within the hearing judge's discretion and are reversed only for an abuse of discretion. *Life Plus,*

317 F.3d at 807. The School District can adequately defend the hearing officer's exercise of his discretion in trial conduct and management without the State Defendants as parties.

## 2. Challenge to State Policy does not make SEA a necessary party.

Plaintiffs contend that MDE and OAH Defendants have adopted a policy and procedure of general applicability of denying due process to Plaintiffs and other eligible students with disabilities." *Complaint ¶* 47. The imposition of time limitations, however, was not based solely on the "Suggested Best Practices," and even if it was, challenging an SEA's policy in an appeal of special education decision does not make the SEA a proper party in that appeal.

First, under the facts of the case, the hearing judge did not restrict the time limits based solely on MDE's "Suggested Best Practices." While the guidelines were referenced during the hearing (Tr. 446-47), the hearing judge is clear that he based the time limits on the parties' request, his review of the issues, and trial proceedings. Tr. 779-80.

Second, the face of the challenged document confirms that it is *suggested* guidelines, not binding ("In all but exceptional circumstances, evidentiary hearings *should* be concluded within three (3) hearing days…" (emphasis added)) Complaint Attachment, ECF Doc. 1-3, p. 3. Plaintiffs' Complaint itself confirms the "Suggested Best Practices" are not binding by citing another special education hearing decision where the same hearing judge provided each side 18 hours to present their evidence, *Complaint ¶* 43, double the time suggested by MDE.

Assuming hypothetically, that the "Suggested Best Practices" was the basis of the hearing decision (which it was not), or that the "Practices" are mandatory (which they are

not), challenging a SEA's practice or policy in an appeal of a due process hearing does not make the SEA a necessary party in the appeal. Even when the policy was the basis of the decision, the judiciary can review the policy without the State as a necessary party.

In a recent case, the parents challenged a "practice or policy" of an SEA in their appeal of a due process hearing decision. In *Quatroche v. East Lyme Bd. Of Educ.,* 604 F. Supp.2d 403 (D. Conn. 2009), the parents sought to add the SEA as a party to the appeal on the grounds that the hearing officer dismissed their request for a hearing based on a footnote of a letter issued by the Connecticut Commissioner of Education to Superintendents in the state. *Id.* at 407. The footnote stated that "hearing officers will not hear what is commonly referred to as 'Section 504 only cases.'" *Id.* The Federal District Court dismissed the SEA as a party to the appeal. *Id.* at 411. The Court held that, while "[t]he facts of Quatroche's individual hearing processes may bear upon an analysis of the state policy in general ... these claims are appeals of special education due process hearings, and the state is thus not a necessary nor appropriate party." *Id.* A similar holding is appropriate here – despite the challenge to the SEA's "Suggested Best Practices," the SEA is still not a necessary party to the hearing appeal.

In sum, Plaintiffs' challenge to the ALJ's time limits in the hearing will be fully reviewed by this Court without State Defendants as parties. The School District can adequately defend the hearing officer's decision whether it was an abuse of discretion. Should this Court reverse the hearing officer's decision, the matter is returned to the hearing officer in accordance with this Court's order. The judicial review process is fully capable of correcting any legal mistakes made in the administrative hearing process

without State Defendants as parties. When a parent fails to "explain why judicial review is not an adequate remedy," the parent fails to state a claim for relief against the State educational agency. *M.M. v Lafayette Sch. Dist.,* 681 F.3d 1082, 1092 (9th Cir. 2012). A similar holding is appropriate here.

## III. COUNT TWO CLAIMS AGAINST STATE DEFENDANTS ARE BARRED BY ELEVENTH AMENDMENT.

Plaintiffs' Second Count – alleging a violation of equal protection and due process under the 14th Amendment and 42 U.S.C. § 1983 – fails as a matter of law and should be dismissed because the two state agencies cannot be sued as a "person" under Section 1983. *Thompson v. Board of Spec. Sch. Dist. No. 1,* 936 F. Supp. 644, 649 (D. Minn. 1996). This proscription applies regardless of the nature of the relief sought – money damages, or declaratory or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-102 (1984). It also applies equally to actions against agencies or departments of the state. *Id.* at 100; *Florida Dep't of Health and Rehabilitative Servs. v. Florida Nursing Home Ass'n.,* 450 U.S. 147 (1981).

Without a doubt, MDE and OAH are state agencies. *See* Minn. Stat. §§ 120A.02 and 14.48 (2012). The State of Minnesota has not waived its Eleventh Amendment immunity from suit in federal court for state law claims. *Hoeffner v. University of Minnesota*, 948 F. Supp. 1380, 1383, 1391-93 (D. Minn. 1996); *DeGidio v. Perpich,* 612 F. Supp. 1383, 1388-89 (D. Minn. 1985).

The same is true for individual Defendants Commissioner Cassellius and Chief Judge Pust. "[A] suit against a government officer in their official capacity is functionally

equivalent to a suit against the employing governmental entity." *I.E.C. v. Minneapolis Public Sch.,* __ F. Supp. 2d __, 2013 WL 4519412 (D. Minn. 2013), *quoting, Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir. 2010). In sum, the Eleventh Amendment bars Count Two claims alleging violations of equal protection and due process under the 14[th] Amendment and Section 1983 against State Defendants.

## IV.    COUNT THREE CLAIMS FOR INDIVIDUAL LIABILITY SHOULD BE DISMISSED.

Plaintiffs' Count Three seeks personal liability from Defendants Commissioner Cassellius and Chief Judge Pust claiming damages for an alleged denial of due process under the Fourteenth Amendment and Section 1983 to a full special education hearing. *Complaint* ¶¶ 60 through 69. Seeking these two public officials to be personally liable for a hearing officer's exercise of discretion in setting time limits is unfeasible.

Presumably, Plaintiffs name Commissioner Cassellius and Chief Judge Pust in their individual capacity under the 14th Amendment and Section 1983 because Plaintiffs cannot recover damages against the two state agencies and  top officials named in their official capacities.[2] However, in order to state a claim for damages for constitutional violations under Section 1983 and the 14th Amendment, Plaintiffs must allege *each named defendants' personal involvement* or responsibility for the constitutional violations. *Ellis v. Norris,* 179 F.3d 1078, 1079 (8th Cir. 1999); *Beck v. LaFleur* 257 F.3d 764 766 (8th Cir. 2001). "[A] plaintiff must plead that each Government-official

---

[2] Plaintiffs also cannot claim damages through the IDEA. *J.B. v. Avilla R-XII School Dist.,* 721 F.3d 588, 593 (8th Cir. 2013), *citing  Heidemann v. Rother,* 84 F.3d 1021, 1033 (8th Cir. 1996).

defendant, *through the official's own individual actions,* has violated the Constitution."
*Ashcroft v.. Iqbal,* 556 U.S. 662, 676 (2009) (emphasis added). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Here, the Complaint is utterly and completely devoid of any factual allegations of any specific individual conduct by either the Commissioner or the Chief Judge, let alone any assertions that they themselves caused the alleged constitutional violations. Rather, the two appear to have been sued simply because they are the top ranking officials of the two state agencies being sued. *See I.E.C., Supra,* *10 n. 14 (No individual factual claims made against Commissioner Cassellius, she is therefore dismissed as a named party.)

Plaintiffs' bald assertions that these individual Defendants are personally liable simply because they "were using the authority granted to them as Commissioner … and Chief Judge…" (*Complaint* ¶ 66), does not state a section 1983 claim. As the U.S. Supreme Court has made clear, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal,* 556 U.S. at 677. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676; *Clemmons v. Armontrout,* 477 F.3d 962, 967 (8th Cir. 2007) (same). *Cf. Travis v. Reno,* 163 F.3d 1000, 1007 (7th Cir. 1998) ("[T]he proper defendant is the person whose actions cause injury, not the author of the legal rule that leads to those actions.").

The necessity to plead sufficient facts to allege causation by each section 1983 defendant applies whether the defendant is sued in his individual capacity, or in his official capacity for injunctive relief. *See Jones v. Horne*, 634 F.3d 588, 600 (D.C. Cir. 2011) ("Because the person sued must have 'caused' the deprivation of rights, section 1983 liability cannot rest on a *respondeat superior* theory, whether the person is sued in his official capacity . . . or in his individual capacity[.]") *Cf. Ex Parte Young*, 209 U.S. 123, 157 (1908) (stating that fact that state official is charged, in general sense, with execution of laws, is insufficient connection to unconstitutional statute to subject that official to suit for injunctive relief).

Because Plaintiffs allege only formulaic supervisory identifications, they fail to state a claim against the Commissioner and Chief Judge in any capacity. *See Iqbal,* 556 U.S. at 681 ("'formulaic recitation of the elements' of a . . . claim . . . are conclusory and not entitled to be assumed true"), *citing Twombly*, 550 U.S. at 555.

While Plaintiffs' Complaint names the Commissioner and Chief Judge in their individual capacities for Count Three, it is clear from the face of the Complaint these are only official-capacity claims. By their nature, damages Plaintiffs seek relate to the oversight and administration of the special education due process hearings is against MDE, and not the Commissioner or the Chief Judge as individuals. Presumably Plaintiffs seek these outcomes whether or not Brenda Cassellius or Tammy Pust hold these posts. The State is thus the real party in interest with respect to the requested relief. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963) ("The general rule is that a suit is against the sovereign . . . if the effect of the judgment would be to restrain the Government from

acting, or to compel it to act."). Here, the crux of Plaintiffs' sought relief is a remand for a new hearing with more time to present their case. The Commissioner and Chief Judge had no personal involvement in the ALJ's hearing time limits. In sum, Plaintiffs fail to allege any claims against the Commissioner or the Chief Judge in their individual capacities, and all individual-capacity claims must be dismissed (*Count Three).*

## V.    COUNTS FOUR AND SIX CLAIMS ARE BARRED BY ELEVENTH AMENDMENT.

The Eleventh Amendment also bars Plaintiffs' claims against State Defendants under Counts Four and Six. In Count Four, Plaintiffs allege they have been deprived of their civil rights guaranteed under the Minnesota State Constitution, *Complaint* ¶¶ 70-77, and Count Six (there is no Count Five) claims State Defendants violated State law by failing to adopt the "Suggested Best Practices" as rules under the Minnesota Administrative Procedures Act, Minn. Stat. Ch. 14. *Complaint, ¶¶* 70-84.

The Eleventh Amendment bars a federal court from deciding state law claims asserted against state agencies or state officials, even if such claims are pendent to federal claims. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984) ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."). Moreover, Section 1983 itself creates no substantive rights, but merely provides a remedy for violation of certain rights established in the federal constitution or federal statutes. *Baker v McCollan,* 443 U.S. 137, 144 n.3 (1979). Thus, Plaintiffs cannot state a Section 1983 claim based on asserted violations of state-law rights. *See, e.g., Bagley v. Rogerson,* 5 F.3d 325, 328 (8th Cir. 1983) (reiterating principle that alleging a violation of state law does not state a Section 1983 claim).

The State of Minnesota has not waived its Eleventh Amendment immunity from suit in federal court for state law claims. *Hoeffner v. University of Minnesota*, 948 F. Supp. 1380, 1383, 1391-93 (D. Minn. 1996); *DeGidio v. Perpich,* 612 F. Supp. 1383, 1388-89 (D. Minn. 1985). Thus, the Eleventh Amendment jurisdictionally bars the state law claims that Plaintiff asserts against the two defendant state agencies.

The Eleventh Amendment also bars a federal court from deciding official-capacity claims that state officials are not complying with state law, even if such claims are pendent to federal claims. *Pennhurst*, 465 U.S. at 121. "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.* at 106; *see also, e.g., Fond du Lac Band of Chippewa Indians v. Carlson*, 68 F.3d 253, 256 (8th Cir. 1995) (recognizing that Eleventh Amendment bars official-capacity suits seeking to enjoin alleged violations of state law by state officials).

The gravamen of Plaintiffs' state claim is that the state agency should have adopted the "Suggested Best Practices" as state rules pursuant to Minnesota Administrative Procedures Act.[3] *Complaint* ¶ 82. The issue of whether state officers failed to follow their own state "administrative procedures is a state law question in the

---

[3] In any event, a state agency's suggestion of best practices is not a statement of "general applicability and future effect * * * to make specific the law enforced…" required to be adopted as a rule under state law. *See Fine v. Bernstein,* 726 N.W.2d 137, 149-150 (Minn. Ct. App.) *rev. denied* (Apr. 17, 2007) (OAH judges' use of a "penalty matrix" for violations for the Fair Campaign Practices Act does not constitute de facto rulemaking because it is "guidance for consistency, coupled with recognition that each case is fact specific.")

first instance, and [federal courts] still lacks supplemental jurisdiction to consider the claim." *McNeilus Truck and Mfg., Inc. v. Ohio,* 226 F.3d 429, 439 (6th Cir. 2000). ("A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable.").

In sum, the Eleventh Amendment requires dismissal of Plaintiffs' state-law claims against MDE and OAH Defendants (*Counts Four and Six)*.

## CONCLUSION

Based on the foregoing, the Minnesota Department of Education, Office of Administrative Hearings, Commissioner Brenda Cassellius and Chief Judge Tammy Pust, in their official and individual capacities, should be dismissed as parties to the above-captioned complaint for failure to state a claim for relief.

Dated:  January 15, 2014

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

s/ **Martha J. Casserly**
Martha J. Casserly
Assistant Attorney General
Atty. Reg. No. 0148271
445 Minnesota Street, Suite 900
St. Paul, MN 55101-2127
Telephone:  (651) 757-1214
Fax:  (651) 297-4139
marty.casserly@ag.state.mn.us
ATTORNEY FOR MINNESOTA
DEPARTMENT OF EDUCATION,
BRENDA CASSELLIUS, COMMISSIONER,
OFFICE OF ADMINISTRATIVE HEARINGS,
AND TAMMY PUST, CHIEF
ADMINISTRATIVE LAW JUDGE